CONSUMERS POWER COMPANY v MICHIGAN CONSOLIDATED
GAS COMPANY

Docket No. 168741. Submitted April 4, 1995, at Lansing. Decided
August 29, 1995, at 9:00 A.M. Leave to appeal sought.

Consumers Power Company brought an action in the Oakland
Circuit Court against Michigan Consolidated Gas Company,
seeking to prevent the defendant from expanding its natural
gas service in Highland Township. The defendant had obtained
a franchise from the township in 1956 to provide natural gas
service to customers in certain sections of the township. In
1962, the plaintiff also secured a nonexclusive franchise from
the township that covered the entire township. In 1992, the
plaintiff renewed its franchise. The defendant continued to
provide service to certain sections of the township after its
franchise expired in 1986. The court, Francis X. O'Brien, J.,
concluded that the defendant's franchise was no longer valid
and the plaintiff's renewed franchise was valid. The court
therefore granted the plaintiff the injunctive relief requested.
The defendant appealed.

The Court of Appeals *held:*

1. The plaintiff's renewed franchise is defective because it
was not confirmed by a vote of the township's electors. The
trial court's ruling is reversed on this basis and the matter is
remanded for entry of summary disposition for the defendant.

2. The trial court correctly found that voter confirmation of
the plaintiff's franchise is not required by Const 1963, art 7,
§ 25, because the franchise is revocable at the will of the
township. However, a confirmatory vote is required for fran-
chise renewals as well as for the original franchise granted
pursuant to MCL 460.602; MSA 22.172 and MCL 460.605; MSA
22.175, which apply to all public utility franchises granted by
townships, without limitation based upon revocability.

3. The fact that the restrictions the Legislature imposes on

REFERENCES
Am Jur 2d; Constitutional Law § 319; Public Utilities §§ 9, 76.
See ALR Index under Legislature; Towns; Utilities.

the authority to grant public utility franchises are greater than those imposed by the constitution does not result in any constitutional violation or conflict.

4. The plaintiff's renewed franchise is invalid because it was not confirmed by the township's voters. The plaintiff's rights are no greater than the defendant's rights.

5. The continued provision of utility service after a franchise has expired and without a valid franchise renewal is not necessarily prohibited or illegal conduct. Although Const 1963, art 7, § 29 conditions the right of public utilities to transact local business upon first obtaining a franchise from the municipality, it is not unlawful to continue to transact business after a properly obtained franchise has expired.

Reversed and remanded.

1. PUBLIC UTILITIES — FRANCHISES — CONFIRMATORY VOTE.

A confirmatory vote of a township's electors is required with regard to the township board's granting of either a public utility franchise or the renewal of a public utility franchise regardless of whether the franchise is revocable (MCL 460.602, 460.605; MSA 22.172, 22.175).

2. PUBLIC UTILITIES — FRANCHISES — CONSTITUTIONAL LAW.

The fact that the restrictions the Legislature imposes on the authority to grant public utility franchises are greater than those imposed by the constitution does not result in any constitutional violation.

3. PUBLIC UTILITIES — FRANCHISES — EXPIRATION — CONTINUED SERVICE.

A public utility's continued provision of utility service after its franchise has expired and without a valid franchise renewal is not necessarily prohibited or illegal conduct; it is not unlawful to continue to transact business after a properly obtained franchise has expired.

*Michael J. Sheridan, Vincent P. Provenzano,* and *George F. Hill,* for the plaintiff.

*Dennis R. O'Connell* and *Foster, Swift, Collins & Smith, P.C.* (by *William K. Fahey* and *Stephen J. Rhodes*), for the defendant.

Before: CORRIGAN, P.J., and MARKEY and J. R. ERNST,* JJ.

PER CURIAM. Defendant appeals as of right a circuit court order denying its motion for summary disposition and enjoining defendant from expanding its natural gas service in Highland Township. We reverse and grant summary disposition for defendant.

In 1956, defendant obtained a franchise from Highland Township to provide natural gas service to customers in §§ thirty-one through thirty-six of the township. In 1962, plaintiff also secured a nonexclusive franchise to provide natural gas service in Highland Township. Although plaintiff's nonexclusive franchise covered the entire township, defendant apparently provided nearly all the natural gas service in §§ thirty-one through thirty-six of the township until 1992, when plaintiff renewed its franchise and began to expand its gas service in those sections.

After its franchise expired in 1986, defendant deliberately chose not to renew its franchise. It nonetheless continued to provide and expand natural gas service in §§ thirty-one to thirty-six of the township. Highland Township never objected to defendant's continued service in those sections after defendant's franchise expired. Nor did it affirmatively consent to defendant's continued service.

After renewing its own franchise in 1992, plaintiff filed suit to enjoin defendant from expanding its gas service to new customers. Having agreed that no material facts were in dispute, the parties requested the circuit court to determine plaintiff's entitlement to relief as a matter of law. The court found that defendant and the township had not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mutually agreed to continue defendant's franchise past its expiration date and concluded that defendant's franchise was no longer valid. The court further ruled that plaintiff's renewed franchise is valid and that plaintiff's rights are superior to defendant's. The court reasoned that plaintiff's vested property right in its renewed franchise is entitled to protection from encroachment by defendant's expansion of its service where it no longer has a valid franchise.

Although the trial court apparently never entered an order conforming to the requirements of MCR 3.310(C), the parties treated the court's order granting plaintiff's request for injunctive relief as effective. At oral argument, defense counsel acknowledged that defendant transferred its remaining rights and interests in Highland Township to plaintiff in response to the decision and to protect the gas service customers involved.

On appeal, defendant contends that it retains certain rights and obligations to continue to provide and expand its gas service in §§ thirty-one to thirty-six, despite the termination of its thirty-year franchise. Defendant contends that continuation does not violate plaintiff's rights under its renewed franchise because plaintiff's franchise is nonexclusive. Additionally, defendant argues that only Highland Township has standing to object to its continuation of service and that plaintiff lacks standing to object because plaintiff's own renewed franchise was never confirmed by the township's voters. Defendant also argues that an injunction is inappropriate because plaintiff has unclean hands because of its failure to obtain a certificate of public convenience and necessity from the Public Service Commission pursuant to 1929 PA 69 before extending its gas service into defendant's service area and because no public nuisance is involved.

We agree with defendant that plaintiff's own renewed franchise is defective because it was not confirmed by a vote of the township's electors and reverse the trial court's summary disposition ruling on that basis. Although we accept the trial court's reasoning that voter confirmation is not required by Const 1963, art 7, § 25 because plaintiff's franchise is revocable at the will of the township, we agree with defendant that confirmation by majority vote is nonetheless required by §§ 2 and 5 of 1909 PA 266, MCL 460.602; MSA 22.172 and MCL 460.605; MSA 22.175. Section 2 of the act provides:

After a franchise has been granted by a township board and accepted in writing by the grantee, the action of the board in granting the franchise shall be submitted to a vote of the electors of such township for confirmation at the next regular election.

Section 5 provides:

If a majority of the electors of such township voting upon the question shall vote in the affirmative such franchise shall be confirmed and shall be irrevocable, otherwise it shall not be confirmed.

A confirmatory vote is required for franchise renewals as well as for the original franchise granted. See *Walker Bros Catering Co v Detroit City Gas Co,* 230 Mich 564; 203 NW 492 (1925). We reject plaintiff's contention that these statutes do not apply to franchises that the parties intend to be revocable simply because § 5 purports to make franchises irrevocable upon confirmation by majority vote. Viewing the act in its entirety, the plain language appears to apply to all public utility franchises granted by townships, without limita-

tion based upon revocability. This is corroborated by the language of the title of the act, which indicates the Legislature's intention to make the voter confirmation requirement coextensive with the authority to grant public utility franchises itself. Cf. *Lakehead Pipe Line Co, Inc v Dehn,* 340 Mich 25, 34; 64 NW2d 903 (1954). Specifically, the title provides that the purpose of the act is to "authorize townships to grant public utility franchises, and to provide for the submission of *such* public utility franchise grants to the electors for confirmation." (Emphasis added).

We find no constitutional violation or conflict results from the Legislature's imposition of greater restrictions on the authority to grant public utility franchises than those imposed by the constitution. The grant of a franchise is an exercise of the sovereign power of the state, vested in the Legislature. Although such power may be delegated to municipalities, municipalities exercise the power as agents of the state, subject to the conditions prescribed by law. *Niles v Michigan Gas & Electric Co,* 273 Mich 255, 265; 262 NW 900 (1935).

Incidentally, we note that plaintiff's original franchise from the township in 1962 was expressly subject to confirmation by majority vote of the township electors, notwithstanding the intended revocability of the franchise.

Because plaintiff's renewed franchise has not been confirmed by the township's voters, the franchise is invalid. See *Walker Bros, supra* at 571. Accordingly, we leave for another day the determination whether a public utility holding a valid, nonexclusive franchise has any right to enjoin competition by other public utilities that continue to provide and expand service after their franchises have expired, or whether only the municipality has standing to object. Because plaintiff's

own renewed franchise is invalid, its rights are no greater than defendant's.

We emphasize that the continued provision of utility service after a franchise has expired and without a valid franchise renewal is not necessarily prohibited or illegal conduct. Although Const 1963, art 7, § 29 conditions the right of public utilities to transact local business upon first obtaining a franchise from the municipality, it is not unlawful to continue to transact business after a properly obtained franchise has expired. At most, the utility's "right" to do so has expired. It is unnecessary for us to decide today whether a utility in that situation would be subject to ouster by another utility holding a valid, existing franchise, as well as ouster by the municipality itself, because there is no holder of a valid, continuing franchise in this case. Our disposition of this case based upon the voter confirmation issue also makes it unnecessary for this Court to reach the various other arguments raised by defendant.

Reversed and remanded for entry of summary disposition in defendant's favor. We do not retain jurisdiction.